**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 18, 2021

LETTER TO PARTIES

RE: *James A. v. Kijakazi*
Civil No. SAG-21-330

Dear Plaintiff and Counsel:

On February 9, 2021, Plaintiff, proceeding *pro se*, filed a complaint in which he contested a decision by the Commissioner of the Social Security Administration ("SSA"). ECF No. 1. Plaintiff subsequently filed a "Motion to Report of Collection Harrassed (sic) by the Commissioner With a Threat" ("Plaintiff's Motion"). ECF No. 7. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). ECF No. 14. The Commissioner also stated that, in the alternative, Plaintiff's complaint should be considered as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) or for summary judgment pursuant to Rule 56. *Id.* Plaintiff responded with an opposition ("Plaintiff's Response"). ECF No. 18. I have carefully reviewed the parties' filings, including Plaintiff's Complaint, ECF No. 1, Plaintiff's Motion, ECF No. 7, the Commissioner's Motion to Dismiss, ECF No. 14, and Plaintiff's Response, ECF No. 18. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's motion must be granted, and Plaintiff's motion must be denied.

The Commissioner first argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. However, recent caselaw suggests that a plaintiff's failure to exhaust administrative remedies may not create a jurisdictional defect. "[W]hether a particular exhaustion requirement . . . is jurisdictional turns on the statutory language and the purpose of the exhaustion at issue." *Stewart v. Iancu*, 912 F.3d 693, 701 (4th Cir. 2019). The Fourth Circuit has interpreted the exhaustion requirement of the statute at issue in this case— 42 U.S.C. § 405(g)—as nonjurisdictional. *Accident, Injury and Rehabilitation v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019) ("While the exhaustion requirement of § 405(g) is mandatory, it is well established that it is not jurisdictional."). The Commissioner's argument that Plaintiff failed to exhaust her administrative remedies is thus improperly presented under Rule 12(b)(1). Therefore, I will turn to the Commissioner's alternative argument for dismissal pursuant to Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal citation omitted) (internal quotation marks omitted). The Court appropriately

*James A. v. Kijakazi*
Civil No. SAG-21-330
October 18, 2021
Page 2

considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will consider the Commissioner's attached Declaration of Charlene Morales, Center Director, as well as the Commissioner's attached letters sent to Plaintiff. ECF No. 14-2 through ECF No. 14-18. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[1] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's Motion to Dismiss, ECF No. 14, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 15. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Indeed, Plaintiff filed a subsequent response to the Commissioner's Motion. ECF No. 18. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 letter, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which

---

[1] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

*James A. v. Kijakazi*
Civil No. SAG-21-330
October 18, 2021
Page 3

the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, Plaintiff received disability benefits under Title II of the Social Security Act ("the Act") beginning in May 1989. Declaration of Charlene Morales, Center Director, Social Security Administration ("Morales Decl.") ¶ 4. Plaintiff's benefits were suspended multiple times throughout the intervening years when Plaintiff's earnings exceeded substantial gainful activity levels. *Id.* ¶ 6-13. Due to these various suspensions of his benefits, Plaintiff accrued overpayments and agreed to a repayment plan of $100 each month. *Id.* ¶ 13.

In August 2019, SSA initiated a continuing disability review to determine if Plaintiff was still eligible for benefits and found that Plaintiff's earnings had exceeded substantial gainful activity levels beginning in April 2018. *Id.* ¶ 14. In a notice dated October 7, 2019, SSA notified Plaintiff of this and stated that Plaintiff should "[c]ontact us within 10 days if you have more information that you want us to consider. The 10 days start the day after you receive this letter. We assume that you got this letter within 5 days after the date on it, unless you show us that you did not get it within the 5-day period." ECF No. 14-8 at 1. The notice was not returned to SSA as undeliverable, and Plaintiff did not respond to this notice. Morales Decl. ¶ 14. In a notice dated November 22, 2019, SSA notified Plaintiff that he was no longer entitled to benefits beginning April 2018 due to his work activity. ECF No. 14-9 at 1. This notice indicated that Plaintiff had 60 days to appeal this decision, and that "we assume you got this letter 5 days after the date on it unless you show us you did not get it within the 5-day period." *Id.* at 2. The notice was not returned to SSA as undeliverable, and Plaintiff did not file an appeal. Morales Decl. ¶ 15-16.

In a notice dated December 15, 2019, SSA informed Plaintiff that he had been overpaid by a total of $74,004.00. ECF No. 14-10 at 1. The notice indicated that Plaintiff had 60 days to request a reconsideration of the overpayment determination. *Id.* at 2. The notice was not returned to SSA as undeliverable, and Plaintiff did not file for reconsideration. Morales Decl. ¶ 17-18. SSA subsequently sent collection notices and billing statements to Plaintiff regarding repayment of this overpayment. ECF Nos. 14-11 through 14-15. The Commissioner states that on February 11, 2021, Plaintiff requested a waiver for the recovery of this overpayment.[2] ECF No. 14-16. SSA is processing this waiver request and has not yet made a determination. Morales Decl. ¶ 21.

On January 23, 2020, Plaintiff completed a new application for disability benefits. ECF No. 14-17. The Commissioner states that, due to the COVID-19 pandemic, SSA "encountered difficulty processing requests for expedited reinstatement." Morales Decl. ¶ 23. In a notice dated May 27, 2021, SSA denied Plaintiff's request for reinstatement. ECF No. 14-18. This notice

---

[2] While the Commissioner states this waiver was requested on February 11, 2021, Plaintiff argues that this request for waiver was signed by Plaintiff on January 23, 2020. ECF No. 18 at 7. On the waiver attached to the Commissioner's Motion, the waiver is signed and dated by Plaintiff on January 23, 2020. ECF No. 14-16 at 12-13.

*James A. v. Kijakazi*
Civil No. SAG-21-330
October 18, 2021
Page 4

indicated that Plaintiff had 60 days to appeal this decision, and that "[w]e assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period." *Id.* at 2. SSA noted that, as of July 15, 2021, Plaintiff had not filed a request for reconsideration. Morales Decl. ¶ 25.

Plaintiff attached a printout from his SSA online account which indicates that SSA was reviewing an application for benefits as of January 29, 2021. ECF No. 18-1 at 4. Plaintiff also attached a letter from SSA dated June 16, 2021, which asks Plaintiff to sign a medical release. *Id.* at 6. The Commissioner did not address these items in her Motion.

Plaintiff commenced this suit on February 9, 2021, stating that SSA terminated his benefits as of January 3, 2020, without warning, and asking for his benefits to be reinstated as of January 2020. ECF No. 1. Additionally, Plaintiff filed his Motion on March 8, 2021, requesting an explanation as to why SSA believed Plaintiff owed a $74,000 repayment. ECF No. 7. The Commissioner argues that Plaintiff's complaint should be dismissed because he did not exhaust his administrative remedies under the Act and obtain a final decision of the Commissioner after a hearing. ECF No. 14-1 at 2.

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

In this case, the Commissioner argues that a final decision has not been issued, and therefore Plaintiff cannot seek judicial review, regarding: 1) Plaintiff's entitlement to benefits because Plaintiff failed to timely appeal SSA's notice dated November 22, 2019; 2) Plaintiff's overpayment amount of $74,004.00 because Plaintiff failed to timely request a reconsideration of SSA's notice dated December 15, 2019 and because Plaintiff's waiver request is still pending; and 3) Plaintiff's new application for benefits/Plaintiff's request for expedited reinstatement of benefits because SSA had not yet issued its denial of this application before Plaintiff commenced this suit. ECF No. 14-1. In Plaintiff's Response, he maintains that he did not receive SSA's notices dated November 22, 2019, December 15, 2019, or May 27, 2021. ECF No. 18 at 3-4, 9.

*James A. v. Kijakazi*
Civil No. SAG-21-330
October 18, 2021
Page 5

    Considering the foregoing, on the evidence before the Court, a reasonable jury could not find that Plaintiff exhausted his administrative remedies. While the court is sympathetic to Plaintiff's argument that he did not receive SSA's notices, unfortunately this does not waive Plaintiff's requirement to complete the administrative review process established by SSA before he may seek judicial review before this court.[3] *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question."); *id.* at 1779-80 (quoting *Weinberger*, 422 U.S. at 765) ("[E]xhaustion serves to 'preven[t] premature interference with agency processes' and to give the agency 'an opportunity to correct its own errors,' 'to afford the parties and the courts the benefit of its experience and expertise,' and to produce 'a record which is adequate for judicial review.'"). Summary judgment is therefore appropriate against Plaintiff for his failure to exhaust his administrative remedies.

    For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 14, is treated as a motion for summary judgment and GRANTED and Plaintiff's Motion, ECF No. 7, is DENIED. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                        Sincerely yours,

                                        /s/
                                      Stephanie A. Gallagher
                                      United States District Judge

---

[3] SSA notes on its website that you can still file an appeal if you did not receive SSA's letter, as is Plaintiff's argument in this case. "When you file your appeal, be sure to include a statement on the appeal request (or on a separate sheet of paper that you include with the appeal request) that explains why you are filing your request late." Hearings and Appeals, Social Security (Feb. 5, 2021), https://www.ssa.gov/coronavirus/categories/hearings-and-appeals/.